NOT DESIGNATED FOR PUBLICATION

No. 122,407

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DRAKE ELLSWORTH KRAUSE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Drake Ellsworth Krause appeals the district court's imposition of an intermediate three-day jail sanction after the court found he violated his probation. We granted Krause's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded, seeking dismissal of the appeal as moot. Upon our review of the record on appeal, we affirm the district court.

In November 2017, in keeping with a plea agreement with the State, Krause pled guilty to felony fleeing or attempting to elude an officer and misdemeanor driving under the influence (DUI). In return, the State dismissed other charges. In January 2018, Krause

1

was sentenced to six months in prison for fleeing or attempting to elude an officer and six months in jail for DUI. The sentences were ordered to run consecutively, but the district court granted Krause a 12-month probation. Krause was also fined $750.

In March 2018, Krause violated his probation for the first time by possessing or using alcohol and/or unprescribed medications and testing positive for alcohol consumption. Krause waived his right to a probation revocation hearing, admitted to the violations, and agreed to serve an intermediate three-day jail sanction while remaining on probation.

In August 2019, Krause admitted to violating his probation again by testing positive for unprescribed medication (Benzodiazepine), possessing or using alcohol and/or unprescribed medication, failing to report to his intensive supervision officer, and failing to pay lab fees. As a consequence, the district court ordered Krause to serve an intermediate 2-day jail sanction and extended his probation for 12 months.

Relevant to this appeal, shortly thereafter in October 2019, the State alleged that, once again, Krause violated his probation by submitting two urinalysis specimens in August and September 2019 that tested positive for alcohol consumption. The district court held a probation revocation hearing in November 2019. After considering the evidence, the district court found that Krause had violated his probation for the third time. As a result, the district court imposed a three-day jail sanction but did not extend Krause's probation.

On appeal, Krause contends without argument that the district court abused its discretion by imposing the latest three-day jail sanction. The State, noting that the jail sanction was imposed almost a year ago, asserts that Krause's appeal is moot. For his part, Krause acknowledges that he has already served this sanction. Because this appeal is

readily decided by considering the merits of the matter, we will decline the State's suggestion and consider Krause' appeal.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

In the present appeal, the district court found by a preponderance of evidence that Krause had violated his probation. Krause does not take issue with that judicial finding. Once a probation violation has been established, the decision to reinstate or revoke the probation is a matter for the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227. Judicial discretion is abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Kraus has the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The district court's discretion to revoke a defendant's probation in this case was limited by the graduated sanctioning scheme outlined in K.S.A. 2019 Supp. 22-3716. By law, the district court was required to impose at least one two- or three-day sanction of confinement in a county jail before revoking a defendant's probation. See K.S.A. 2019 Supp. 22-3716(c)(1)(B) and (C). In the present case, the district court's imposition of a three-day jail sanction in lieu of ordering imprisonment was wholly consistent with the letter and spirit of the statutory scheme.

A district court abuses its discretion when it bases its decision on a legal or factual error or when it enters an order upon which no reasonable person could agree. *State v.*

*Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Krause does not favor us with any claim of a legal or factual error. Moreover, he fails to show why no reasonable person could agree with the district court's imposition of a brief jail sanction for his third probation violation. Quite simply, upon our review of the record on appeal we find no abuse of discretion by the district court.

Affirmed.